AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br><br>v.<br><br>Michael Masecchia<br>_Defendant_ | Case No. 19-mj-5226 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### Count 1

Beginning in or before August 2019, and continuing until on or August 23, 2019, in the Western District of New York, the defendant **MICHAEL MASECCHIA**, did knowingly, willfully, and unlawfully possess with intent to distribute, and distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Count 2

Beginning in or before August 2019, and continuing until on or about August 23, 2019, in the Western District of New York, the defendant, **MICHAEL MASECCHIA**, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises at 5907 Main Street, Williamsville, New York, for the purpose of manufacturing, distributing and using marijuana, a Schedule I controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

### Count 3

Beginning in or before August 2019, and continuing until on or about August 23, 2019, in the Western District of New York, the defendant, **MICHAEL MASECCHIA**, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Sections 856(a)(1), committed in the manner set forth in Counts 1 and 2, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess firearms, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
Complainant's signature

CURTIS RYAN
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
Printed name and title

Sworn to before me and signed in my presence.

Date: August 28, 2019

_____
Judge's signature

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK    )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO      )

I, **CURTIS E. RYAN**, being duly sworn, depose and state:

1. I am a Special Agent of Homeland Security Investigations ("HSI"), U.S. Immigration and Customs Enforcement, Department of Homeland Security, and have been so employed since February 2012. I am currently assigned to the HSI Buffalo, New York Border Enforcement Security Taskforce ("BEST"). As a Special Agent, I am a federal law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Sections 841, *et seq.*

2. During my law enforcement career, I have participated in investigations targeting the smuggling, trafficking, and distribution of controlled substances. As part of my employment with HSI, I successfully completed the Federal Law Enforcement Training Center Criminal Investigator Training Program and U.S. Immigration and Customs Enforcement Special Agent Training, both of which included intensive instruction on drug enforcement, including application for and execution of, search and arrest warrants, as well as application for criminal complaints, and other legal process. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold, and used within the

framework of drug smuggling and how drug smugglers use other persons and/or their personal property to facilitate their illegal activities. Based on this experience, I am also familiar with language and terminology used by individuals involved in use and distribution of controlled substances, including marijuana. I have also investigated the illegal export of firearms and am familiar with the laws regarding their lawful possession. I previously worked as a Special Agent in the Department of Defense and the Department of Justice. I have been employed as a Special Agent since 1999.

3. I make this affidavit in support of an application for a Criminal Complaint charging MICHAEL MASECCHIA with the following violations: Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute marijuana); Title 21, United States Code, Section 856(a)(1) (maintaining a premises for use, distribution, or manufacture of controlled substances); Title 18, United States Code, Section 924(c)(1)(A) (possession of firearms in furtherance of drug trafficking crimes).

4. This affidavit contains information based on my own personal knowledge as well as information provided by other law enforcement agents and local law enforcement members. As it is my purpose to obtain a criminal complaint for which only probable cause is required, I have not included every fact learned during the investigation.

5. On August 21, 2019, your affiant appeared before this court and applied for a search warrant authorizing the search of 5907 Main Street, Williamsville, New York. This court authorized the warrant (See Case:19-M-5209-01).

6. On August 23, 2019, agents and officers from HSI, FBI, the Erie County Sheriff's Office, and the Niagara County Sheriff's Office executed the search warrant at 5907 Main Street, Williamsville, New York. At that time, MICHAEL MASECCHIA, his wife, and their two children were present at the residence.

7. Your affiant and FBI Special Agent Brian Burns spoke to MASECCHIA in the front yard of the residence while a tactical team completed the initial search of the residence. Agents questioned MASECCHIA about firearms and controlled substances present in the residence. MASECCHIA related there were several firearms located in his bedroom. He also stated there was a small amount of marijuana in his night stand.

8. Once the SRT secured the residence, MASECCHIA was moved to the dining room and seated at the table. MASECCHIA was unrestrained. SA Ryan explained the search warrant to MASECCHIA and provided him with a copy. SA Burns retrieved MASECCHIA's glasses from his bedroom so that MASECCHIA could review the search warrant. Agents told MASECCHIA he was not under arrest and was free to leave.

9. Agents again asked MASECCHIA about the firearms in the residence. MASECCHIA stated he had numerous firearms under his bed and one firearm in a case between the mattress and box spring of his bed. SA Burns asked MASECCHIA about a pistol magazine SA Burns observed while retrieving MASECCHIA's glasses from MASECCHIA's

bedroom. MASECCHIA explained the magazine was not for a pistol. The magazine was for the KelTec rifle located in the bedroom.[1]

10.     Agents again asked MASECCHIA about the marijuana he previously stated was in the residence. MASECCHIA stated he had a small amount of marijuana in his nightstand.

11.     During the search of the residence HSI seized, among other things, the items listed below:

   a.   KelTec 9mm semi-automatic rifle, serial number E3T96;

   b.   Savage model 187 .22 caliber rifle, serial number B361093;

   c.   Remington model 11-87 20 gauge shotgun, serial number TL062987[2];

   d.   New England Firearms .410 gauge shotgun, serial number 399197;

   e.   Mossberg model 500C shotgun, serial number K911699;

   f.   Mossberg model 500A shotgun, serial number R134294;

   g.   Remington model 31 shotgun, serial number 58541;

   h.   MasterPiece Arms Defender pistol, serial number F14805;

   i.   $27,950.00 in U.S. currency[3];

---

[1] It should be noted the magazine was loaded with six rounds of 9mm ammunition.

[2] According to Erie County Sheriff's records, this shotgun was reported to be stolen on September 23, 2015.

[3] The currency was discovered hidden in clothing and rubber banded in two bundles. A narcotics detection canine later gave a positive alert for the odor of a controlled substance on the currency.

j. Various ammunition for the firearms;

k. Three Mason jars containing marijuana[4];

l. Various steroids in liquid and tablet form;

m. Hypodermic needles;

n. THC edibles;

o. Cannabis syrup;

p. Two grams of a white powder suspected to be cocaine;

q. Tylenol with Codeine[5] tablets weighing 33 grams;

r. Suspected hashish;

s. One digital scale;

t. a suspected marijuana cigarette;

u. Seven homemade explosives;

v. Numerous plastic bags and small bottles containing marijuana; and

w. a ZTE cellular telephone;

x. a Cricket cell phone and charge cable;

y. a Samsung cell phone with charger; and

z. a black Iphone;

12. A photo of the homemade explosives is set forth below. Investigation regarding these explosives continues, with the assistance of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE), and a final determination as to whether these explosives qualify as a

---

[4] Marijuana is a Schedule I controlled substance.

[5] Tylenol with Codeine is a Schedule III controlled substance.

5

"destructive device" has not been made. Upon information and belief, possession of these explosives do violate provisions of New York law penal.



13.     During the search of the residence agents discovered a canvas bag in a closet in the master bedroom. Within that bag agents discovered the homemade explosives, the digital scale, six sandwich style bags containing marijuana, and the suspected cocaine.

14.     On August 23, 2019, HSI transferred custody of the homemade explosives to Deputy Dan Walczak, Bomb Technician, Erie County Sheriff's Office, for storage. It was Deputy Walczak's opinion that the explosives were homemade. Deputy Walczak noticed the explosives were assembled using hot glue. Deputy Walczak explained commercial explosive manufacturers would not use hot glue to assemble explosives because of the risk it poses for accidental explosion. The risk comes from placing the heated tip of the hot glue gun in close proximity to the flash powder used to make the explosive.

15.     The KelTec rifle mentioned above was discovered between the mattress and box springs in master bedroom of the residence. It was on the same side of the bed as the nightstand where FBI SA Brian Burns saw the loaded magazine that he believed was for a

pistol, but MASECCHIA stated was for the KelTec rifle. Based on my training and experience I believe MICHAEL MASECCHIA positioned the KelTec rifle and magazine in that way to allow quick and ready access to the rifle and its ammunition. The mason jars containing marijuana were also found in the same nightstand.

16. There was a Chevy Silverado, New York registration HMG9140, located on the curtilage during the execution of the search warrant. The vehicle is registered to MICHAEL MASECCHIA at 5907 Main Street, Williamsville, New York. Within the vehicle agents discovered marijuana and a marijuana smoking pipe which appeared, based on sight and odor, to have been used. Agents previously observed MICHAEL MASECCHIA in that same vehicle during surveillance. Based on my training, experience, and participation in this investigation I believe MICHAEL MASECCHIA to be the user of that vehicle, and the presence of marijuana and marijuana smoking pipe in that vehicle indicates to me that MICHAEL MASECCHIA smokes marijuana in addition to information developed in this investigation that he is a marijuana distributor, including the positive narcotics detection canine hit on the $27,950.00 in U.S. currency seized during the execution of the search warrant, as noted above.

17. I have interviewed numerous individuals during the course of this ongoing investigation. The cumulative information developed from multiple sources during this investigation establishes that MICHAEL MASECCHIA has been involved in the growing and distribution of significant quantities of marijuana for at least the past twenty years in the Western District of New York.

18. Based upon my training and experiences and the circumstances of the investigation to date, the firearms and ammunition the defendant possessed, as described above, which were located in the defendant's residence in an area where the defendant maintained ready access to them, is consistent with the firearms being tools of the drug trafficking trade. Also consistent with the foregoing, I am aware that courts in the Second Circuit and elsewhere that have held that firearms are among the tools of the drug trafficking trade.

**WHEREFORE**, based on the foregoing, I respectfully submit probable cause exists: that MICHAEL MASECCHIA possessed firearms in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c)(1)(B)(i); possessed with intent to distribute, and to distributed, marijuana, in violation of Title 21, United States Code, Section 841(a)(1); and, that MICHAEL MASECCHIA maintained a drug-involved premises, that is, 5907 Main Street, Williamsville, New York, for the use, distribution, or manufacture of controlled substances, in violation of Title 21, United States Code, Section 856(a)(1).

CURTIS E. RYAN
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 28th day of August, 2019.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

8